IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF LABOR, | ) ) ) | |
| Plaintiff, | ) ) | 8:05CV356 |
| vs. | ) ) | ORDER |
| DORE & ASSOCIATES CONTRACTING, INC., | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on Dore & Associates Contracting, Inc.'s (Dore) Motion for Change of Venue (Filing No. 7). Dore filed a brief (Filing No. 8) and an index of evidence (Filing No. 9) in support of the motion. The plaintiff filed a brief (Filing No. 10) and an index of evidence (Filing No. 11) in opposition to the motion. For the reasons stated below, Dore's motion is denied.

### BACKGROUND

The plaintiff brings this action to enjoin the defendant from violating the Fair Labor Standards Act (FLSA) (29 U.S.C. § 201, *et seq.*) sections 15(a)(2) and (a)(5). **See** Filing No. 1 (Complaint). Additionally, the plaintiff seeks to recover unpaid minimum wage and overtime compensation owing for the defendant's employees. *Id.* Attached to the complaint is a list of sixteen individuals who have amounts owing for such compensation. On July 21, 2005, the plaintiff filed the instant action in the United States District Court for the District of Nebraska. The defendant now seeks to transfer the case to the Eastern District of Michigan, Northern Division. **See** Filing No. 7.

The plaintiff supports its choice of venue with the affidavit of Gary Mauer (Mauer). **See** Filing No. 11. Mauer is an investigator for the Wage and Hour Division, Employment Standards Administration, United States Department of Labor, Omaha, Nebraska Area Officer, Midwest Region. *Id.* ¶ 1. Mauer investigated the operations and employment

practices of Dore at Dore's jobsite at the Omaha Performing Arts Center (Arts Center) in Omaha, Nebraska. *Id.* ¶ 2. Scott Coffman (Coffman), who resides in Omaha, Nebraska, was Dore's superintendent at the Arts Center. *Id.* ¶ 4-5. Coffman provided to Mauer jobsite records of hours worked, which are the basis for the back wage claim in this matter. *Id.* ¶ 4. Marguerite Patterson (Patterson), who resides in Omaha, Nebraska, was Dore's timekeeper at the Arts Center jobsite. *Id.* ¶ 6. Additionally, nine of the sixteen people listed on the complaint's attachment reside in Omaha. *Id.* ¶ 7. Finally, all of the documents, which were relied on by Mauer in determining the back wages are owed to the individuals listed in the attachment, are located in Omaha. *Id.* ¶ 8.

In support of the change of venue, Dore relies on the affidavit of Edward Dore, a director and shareholder of the defendant. **See** Filing No. 9, Exhibit 1. Dore's principal place of business and headquarters is in Bay City, Michigan. *Id.* ¶ 2. Edward Dore, who lives in Bay City, Michigan has knowledge regarding Dore's business operations in Nebraska and other states. *Id.* ¶ 3(a). Lori Grew, who lives in Bay City, Michigan is the Payroll Clerk for Dore. *Id.* ¶ 3(b). Lori Grew has personal knowledge regarding the payroll rules and procedures applied by Dore at the relevant times. *Id.* Three of the sixteen individuals listed in the attachment to the complaint live in Bay City, Michigan, one other in Michigan, one in Minnesota and one in New Jersey. *Id.* ¶ 4 & Exhibit A.[1] Edward Dore states most, if not all, relevant documents are located in Bay City, Michigan, including payroll records, time sheets, personnel files and materials prepared by the site superintendent. *Id.* ¶ 5.

## ANALYSIS

Title 28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Eighth Circuit has held:

> Section 1404(a) governs the ability of a federal district court to transfer a case to another district . . . . The statutory language reveals three general categories of factors that courts must

---

[1] One individual's address is unknown.

> consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice . . . .

*Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The Eighth Circuit continued: "[c]ourts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra*, 119 F.3d at 691; **see** *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); 15 Charles Alan Wright, et al., *Federal Practice & Procedure* § 3847 (2d ed. 1986 & 2005 Supp.). As the Supreme Court has explained, "[a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart*, 487 U.S. at 29.

The burden of showing the necessity of a transfer under 28 U.S.C. § 1404(a) is substantial and rests on the party seeking the transfer. **See** *Terra*, 119 F.3d at 695-96. Of the factors considered, the plaintiff's choice of forum is given "great weight, and will not be lightly disturbed, especially where the plaintiff is a resident of the judicial district in which the suit is brought." *Rick ex rel. Rick, Estate of v. Stevens*, 145 F. Supp. 2d 1026, 1039 (N.D. Iowa 2001) (citations omitted); **see** *Terra*, 119 F.3d at 695. To carry its burden, the movant must show its inconvenience strongly outweighs the inconvenience the plaintiff would suffer if venue were transferred. *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Id.* (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

In *Terra*, the Eighth Circuit noted a number of factors which are traditionally considered in deciding motions to transfer. *Terra*, 119 F.3d at 696. These factors include "(1) the convenience of the parties, (2) the convenience of the witnesses -- including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct

3

complained of occurred, and (5) the applicability of each forum state's substantive law." *Id.* In addition, when evaluating the "interest of justice" portion of § 1404, a court may consider: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Id.*

The plaintiff chose the District of Nebraska. The plaintiff does not have a representative from the Solicitor's Office in Nebraska or in the Eastern District of Michigan. The case was assigned to the Solicitor's Office in Kansas City, Missouri. However, the investigator for the plaintiff is in Omaha. Nebraska is a more convenient forum for the plaintiff, while Michigan is a more convenient forum for the defendant. Based on the affidavits before the court there is a greater number of witnesses in Nebraska, than in or near the Eastern District of Michigan. Therefore, Nebraska is a more convenient forum for the majority of witnesses. It appears there are a number of documents relevant to this matter in both forums.

The parties do not argue that there is a choice of laws issue in this matter. The jobsite at issue was in Omaha, where the alleged FLSA violations occurred. The plaintiff contends the costs of trial would be higher for the plaintiff in Michigan, than the costs to the defendant if the trial were in Nebraska, due primarily to the number of witnesses. Finally, the plaintiff argues the defendant chose to do business in Nebraska and throughout the United States.

The court finds the defendant has failed to show the necessity of a change of venue. Rather, numerous factors weigh in favor of the venue in this case to remain the District of Nebraska. As the plaintiff notes, the events giving rise to this litigation occurred in Nebraska, most of the witnesses reside in Nebraska, and the plaintiff's choice of forum was Nebraska. The court finds the balance of interests weighs heavily in favor of maintaining the instant in the District of Nebraska. Upon consideration,

**IT IS ORDERED:**

Dore & Associates Contracting, Inc.'s Motion for Change of Venue (Filing No. 7) is denied.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

Dated this 28th day of November, 2005

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge